METROPOLITAN LIFE INSURANCE
COMPANY,
Plaintiff-Counterdefendant,

v.

LIBERTY LIFE INSURANCE COMPA-
NY and James D. Caldwell, Defend-
ants-Counterclaimants,

v.

METROPOLITAN INSURANCE AND
ANNUITY COMPANY,
Counterdefendant.

No. C–C–83–915–M.

United States District Court,
W.D. North Carolina,
Charlotte Division.

June 7, 1984.

H. Hugh Stevens, Jr., Sanford, Adams,
McCullough & Beard, Raleigh, N.C., for
plaintiff-counterdefendant.

Joseph W. Eason, Moore, Van Allen and
Allen, Raleigh, N.C., and Daniel G.
Clodfelter, Moore, Van Allen and Allen,
Charlotte, N.C., for defendants-counter-
claimants.

ORDER COORDINATING DISCOVERY

McMILLAN, District Judge.

This case was heard on March 5, 1984,
upon various outstanding motions. The
court has previously issued an order dated
March 15, 1984, disposing of some of the
pending motions. The court has now re-
viewed the file and other record material
relevant to discovery, has considered the
briefs and arguments of the parties relat-
ing to that issue, and now makes the fol-
lowing order relating to discovery.

Three cases involving substantially iden-
tical parties and overlapping issues of fact
and law have been filed by Metropolitan
Life Insurance Company ("Metropolitan")
against Liberty Life Insurance Company
("Liberty") and four Liberty employees.
By order entered February 6, 1984, the
Panel on Multidistrict Litigation denied
transfer of these cases for consolidated
pretrial proceedings. These cases are now
pending before me in this district and be-
fore two other judges in the United States
District Court for the District of South
Carolina, Greenville Division, captioned
*Metropolitan Life Insurance Company v.
Liberty Life Insurance Company, Jon M.
Rogers and John D. Silvers,* No. 83–2895–
3, and in the Circuit Court of Escambia,
Florida, First Judicial Circuit of Florida,
Division K, captioned *Metropolitan Life
Insurance Company v. Harold M. Mer-
chant, Jr. and Liberty Life Insurance
Company,* No. 83–3949–CA–01.

■ It seems to me that the Multidistrict Panel, although it has refused consolidated pretrial proceedings, has pretty well put it up to the judges involved in these cases to devise something which will accomplish essentially the same thing that the multidistrict litigation theory was designed to accomplish. Whether this is so or not, the discovery rulings that I make in this case are going to be made with the idea that, consistent with everyday principles of justice, I will try to accomplish that purpose. Trial judges have a duty to structure pending litigation in an efficient and sensible manner. Where necessary, procedures should be implemented to streamline litigation which otherwise would cause an unnecessary expenditure of time and effort and would deplete the resources of the courts. In order to conserve the resources of the courts and of the parties involved, and to reduce duplicative or otherwise wasteful expenditures of time and energy caused by the pendencies of three cases in three courts instead of one case in one court, IT IS HEREBY ORDERED:

1. All discovery in this case and in the South Carolina case shall be coordinated so that discovery taken in the two cases shall not be duplicated. The parties are directed to avoid repetition and redundancy in their discovery requests. Discovery taken by a party in the South Carolina case shall not be repeated in this case, and any discovery taken in the South Carolina case may be used for all permissible purposes and admitted into evidence in this case consistent with the applicable rules of civil procedure and evidence.

2. Any document request served in the South Carolina case shall be deemed served in this case. Documents produced in response to a document request in the South Carolina case shall be deemed produced for this case and may be used for all permissible purposes and admitted into evidence in this case consistent with the applicable rules of civil procedure and evidence.

3. Any deposition noticed in the South Carolina case shall be deemed noticed in this case. Deposition testimony taken and deposition exhibits marked for identification in the South Carolina case shall be deemed taken in and identified for this case, and may be used for all permissible purposes and admitted into evidence in this case consistent with the applicable rules of civil procedure and evidence.

4. Any interrogatory served in the South Carolina case shall be deemed served in this case. Answers to interrogatories served in the South Carolina case shall be deemed served in this case and may be used for all permissible purposes and admitted into evidence in this case consistent with the applicable rules of civil procedure and evidence.

5. Any request for admission served in the South Carolina case shall be deemed served in this case. Responses to requests for admissions served in the South Carolina case shall be deemed served in this case and may be used for all permissible purposes and admitted into evidence in this case consistent with the applicable rules of civil procedure and evidence.

6. The discovery conducted in this case will be allowed to cover all issues presented in the South Carolina case.

7. Subject, of course, to any contrary order of the South Carolina judge, the discovery conducted by the parties before me who are involved in the South Carolina case will not be limited to South Carolina facts, but will include all materials, if demanded, which may also be used in this case in this court.

8. Counsel who are in this case in this court shall serve timely formal notice upon counsel for all parties in the South Carolina case of all discovery procedures so that the South Carolina counsel can take part in such procedures.

9. Counsel for the parties in the South Carolina and Florida cases may be present, when feasible, at any deposition in this case in which they may have an interest, and one attorney in each case may question a witness at the time of such deposition. Counsel shall avoid repetition and redundancy in questioning a witness if more than

one counsel questions a witness at a deposition.

10. If a party attempts to take in this case repetitive or duplicative discovery previously taken in another case, then the person from whom such discovery is sought shall be under no obligation to respond unless the party seeking the discovery shall obtain a court order, upon a showing of good cause as to the need to retake the same discovery. Disputes concerning discovery shall be resolved in the court having jurisdiction over the action in which the disputed request is filed or served.

11. The parties will provide suggestions at future times for other procedures which counsel consider would be appropriate to economize on duplicative or otherwise wasteful expenditures of time and energy in any further proceedings caused by the pendencies of three cases in three courts instead of one case in one court.

12. In regard to the Florida case, which has been remanded to the state court from the United States District Court for the Northern District of Florida, the parties in this case are advised to conduct themselves in accord with the order entered in this action on May 4, 1984.